**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Tracy J. YOST, Defendant–Appellant.**

**No. 15–2681.**

United States Court of Appeals, Eighth Circuit.

Submitted: April 7, 2016.

Filed: April 27, 2016.

Robert G. Kuchar, Asst. Fed. Public Defender, Kansas City, MO (Laine Cardarella, Fed. Public Defender, Rebecca L. Kurz, Research and Writing Specialist, on the brief), for appellant.

Tracy J. Yost, Texarkana, TX, pro se.

Teresa A. Moore, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before LOKEN, BYE, and KELLY, Circuit Judges.

PER CURIAM.

Tracy J. Yost pleaded guilty to receipt of child pornography, a violation of 18 U.S.C. § 2252(a)(2), in a written plea agreement that included an appeal waiver. The district court[1] accepted the plea, granted a downward variance, and sen-

---

1. The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

1. The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

tenced Yost to 180 months in prison. He appeals the sentence. Defense counsel argues in a brief filed under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that the court erred in applying certain guidelines enhancements; Yost argues in a pro se supplemental brief that the appeal waiver is unenforceable, and raises several other challenges to his sentence.

Upon careful review of the record, we will enforce the appeal waiver, which applies to the issues raised in both the *Anders* brief and the supplemental brief. *See United States v. Andis,* 333 F.3d 886, 890–92 (8th Cir.2003) (en banc). The appeal waiver is not contrary to a provision of the plea agreement describing how district courts may reasonably vary from the calculated Guidelines range. The government did not breach the plea agreement by failing to move for an acceptance-of-responsibility reduction; Yost was awarded a three-level reduction for acceptance of responsibility at sentencing. His contention that he did not knowingly and voluntarily enter into the appeal waiver is belied by his plea-hearing testimony. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Enforcing the waiver in this case will not result in a miscarriage of justice. *See Andis,* 333 F.3d at 890–91.

Having independently reviewed the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues for appeal outside the scope of the appeal waiver. We dismiss the appeal and grant counsel leave to withdraw. *See United States v. Mujica–Aranda,* 806 F.3d 999 (8th Cir. 2015).